UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Phillip Harold Horswell, | Case No. 24-cv-949 (NEB/DJF) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| State of Minnesota, | |
| Respondent. | |

---

Petitioner Phillip Harold Horswell is a civil detainee of the State of Minnesota.  *See In re Matter of Civil Commitment of Horswell*, No. 46-PR-09-1036 (Minn. Dist. Ct.).  In June 2023, Mr. Horswell was provisionally discharged from the immediate custody of the State of Minnesota and ordered to reside in group housing.  (*See* ECF No. 1-1 at 4.)  The State of Minnesota alleged that Mr. Horswell absconded from the group home and thereby violated the terms of his provisional discharge.  The State charged Mr. Horswell with criminal felony escape, *see State of Minnesota v. Horswell*, No. 55-CR-23-8459 (Minn. Dist. Ct.), but the prosecution voluntarily dismissed the criminal complaint shortly after authorities located and apprehended Mr. Horswell.  The State nonetheless revoked Mr. Horswell's provisional discharge from civil commitment, and he is again in the custody of the State of Minnesota.

This matter is before the Court on Mr. Horswell's Petition for a Writ of Habeas Corpus ("Petition") (ECF No. 1).  In his Petition, Mr. Horswell alleges his constitutional rights were violated in several respects during the criminal prosecution for his escape.  Among other things, Mr. Horswell contends the Indictment should have been presented to a United States grand jury and that neither he nor his attorney were in the courtroom during the hearing on his first appearance

1

in those proceedings.  Mr. Horswell also alleges his apprehension and return to civil commitment amounts to a violation of his constitutional rights.  His argument in this regard is harder to follow, but he appears to believe the State lacked probable cause to apprehend him and that his due process rights were violated during the revocation proceedings.

Mr. Horswell's Petition is now before the Court for prescreening review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  As a result of that review, the Court recommends the Petition be denied without prejudice and this case be dismissed.[1]

Mr. Horswell's claims attacking the legality of his criminal prosecution for escape are moot.  "A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III of the United States Constitution—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quotations omitted).  Here, regardless of the validity or invalidity of Mr. Horswell's claims, there is no relief available with respect to the criminal case because that case concluded in Mr. Horswell's favor. *See State of Minnesota v. Horswell*, No. 55-CR-23-8459, State's Dismissal of Complaint (Minn. Dist. Ct. Jan. 17, 2024).  Absolutely nothing about Mr. Horswell's current circumstances would change if the Court granted the Petition on these claims. "This is the very definition of mootness." *Kargbo v. Brott*, No. 15-CV-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016).  Because the Court lacks jurisdiction over moot claims

---

[1] Mr. Horswell did not sign his Petition.  Rule 11(a) of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Ordinarily the Court would afford Mr. Horswell an opportunity to correct this error, but it does not do so here because the Petition should be dismissed on other grounds.

2

for relief, Mr. Horswell's attack on the legality of the criminal prosecution should be dismissed without prejudice.

Mr. Horswell's claims attacking the revocation of his provisional release should also be dismissed without prejudice, but for a different reason. Because Mr. Horswell is in detention pursuant to a state court judgment, his Petition is subject to 28 U.S.C. § 2254, including the requirement that he exhaust his claim in state court if a judicial remedy exists. *See* 28 U.S.C. § 2254(b). Exhaustion requires "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). An appellate review process exists in the State of Minnesota for challenges to the legality of the revocation of provisional discharge from civil commitment. *See In re Zemple*, No. C7-95-2445, 1996 WL 146445, at *1 (D. Minn. Apr. 2, 1996) (describing procedures).

Mr. Horswell does not appear to have even begun, much less completed, the Minnesota state court appellate review process. He thus has not provided the courts of the State of Minnesota with a full and fair opportunity to evaluate the merits of his claims. Until Mr. Horswell has fairly presented his claims to the Minnesota appellate courts (including the Minnesota Supreme Court), section 2254(b) precludes federal habeas review of the legality of his provisional discharge. The Court recommends on these grounds that the Petition be denied without prejudice in its entirety.

Two other matters merit brief comment. First, because the Court recommends Mr. Horswell's Petition be summarily denied, it further recommends his pending application to proceed *in forma pauperis* (ECF No. 2) be denied as well. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996) (per curiam). Second, an appeal cannot be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" unless the petitioner receives a certificate of appealability ("COA"). 28 U.S.C.

3

§ 2253(c)(1)(A); *see also Evans v. Circuit Ct. of Cook County*, 569 F.3d 665, 666 (7th Cir. 2009); (holding that a state pretrial detainee must procure a COA to appeal a final habeas order). The Court finds in this case that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" if this matter is dismissed on the above-recommended grounds. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore recommends that Mr. Horswell not be granted a COA.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Phillip Harold Horswell's Petition for a Writ of Habeas Corpus (ECF No. [1]) be **DENIED WITHOUT PREJUDICE**;

2. This matter be **DISMISSED**;

3. Mr. Horswell's application to proceed *in forma pauperis* (ECF No. [2]) be **DENIED**; and

4. No certificate of appealability be issued.

Dated: March 21, 2024              *s/ Dulce J. Foster*  
                                   Dulce J. Foster  
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).